UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAULINE K. TALLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV735SNL |
| ) | |
| ST. LOUIS II RETIREMENT ) | |
| RESIDENCE L.L.C. d/b/a LAKEVIEW ) | |
| PARK RETIREMENT RESIDENCE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff originally filed this premises liability action in the Circuit Court for St. Louis County, Missouri on or about March 22, 2006. On May 4, 2006 defendant removed this cause of action to federal court on the basis of diversity jurisdiction. This matter is before the Court on the defendant's motion for more definite statement (#5), filed May 9, 2006. As of today's date, plaintiff has failed to file a response.

The Federal Rules provide for liberalized pleading of claims and defenses. Generally, the function of a complaint is simply to inform the opposing party of the nature and the grounds for the lawsuit, and the relief to which the pleader believes s/he is entitled. Rule 8(a) Fed.R.Civ.P. Rule 8(e)(1) requires only that a pleader set forth his/her averments in a "simple, concise and direct" manner. These general statements do not require any supporting evidentiary material; supporting factual data is subject to discovery. 5 C. Wright & Miller, <u>Federal Practice and Procedure</u>, §1281 (1990).

Rule 10(b) Fed.R.Civ.P. further states that "[a]ll averments of claim or defense shall be made in numbered paragraphs..." and that "[e]ach claim founded upon a separate transaction or

occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth."

The Court has reviewed the plaintiff's complaint and finds that it fails to comport with Rules 8 and 10 Fed.R.Civ.P. It simply alleges that plaintiff, a resident of the retirement facility, was knocked to the ground when a fellow resident fell against her. It fails to provide even the basic facts as to the incident or provide any notice as to why plaintiff believes defendant is responsible for the incident. Plaintiff provides no facts whatsoever as to the basis for her claim of negligence on the part of the defendant. She provides no facts whatsoever giving defendant even the barest indication as to what "dangerous condition" defendant allegedly negligently and carelessly failed to warn her of prior to the incident.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for more definite statement (#5) be and is **GRANTED.** Plaintiff shall file an amended complaint, on or before June 30, 2006, specifically and with particularity alleging the factual basis for her claim. Plaintiff shall provide notice as to what actions defendant took or failed to take regarding another resident falling against plaintiff resulting in her fall. Plaintiff shall provide notice as to the specifics of the "dangerous condition" defendant allegedly failed to warn plaintiff of prior to the incident. Plaintiff shall state with more specificity the nature of her claim of negligence against defendant. No extensions of time shall be granted except for good cause shown. Failure to comply with the Court's order risks the imposition of sanctions, including dismissal of this cause of action.

Dated this ___15th___ day of June, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE